Jason R. Naess, ISBN 8407
Assistant United States Trustee
Andrew Jorgensen, ISBN 8695
Office of the United States Trustee
United States Department of Justice
550 West Fort St., Suite 698
Boise, ID 83724
(208) 334-1300
(208) 334-9756 [Facsimile]
ustp.region18.bs.ecf@usdoj.gov

Attorneys for the Acting United States Trustee
Gregory M. Garvin

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| In re:<br><br>ROBIN RALPH RIRIE, Jr. and<br>LISA ANTIONETTE RIRIE,<br><br>Debtors. | Case no. 22-40117-JMM<br>Chapter 7 |

**UNITED STATES TRUSTEE'S § 329(b) MOTION**
**FOR RETURN OF DEBTORS' COUNSEL'S FEES**

The Acting United States Trustee respectfully moves that an order be entered under 11 U.S.C. § 329 directing debtor's counsel, Derek Williams of Wasatch Legal Services, to return fees received in relation to this case and cancelling any corresponding fee agreement for the reasons set forth below.

The United States Trustee intends to call witnesses and present evidence at a hearing on this matter. (A separate Notice of Hearing will be filed). Witnesses to be called by the United States Trustee include:

(1) Robin Ralph Ririe, Jr.;
(2) Lisa Antoinette Ririe;
(3) Derek Williams, attorney for Debtors; and

–1–

(4) Any witness called by Mr. Williams, Debtors, or any other interested party. The United States Trustee may also call other witnesses and will provide notice of all witnesses and Exhibits within 7 days of the hearing, pursuant to Idaho Local Bankruptcy Rule (LBR) 9014.1.

## I. BACKGROUND

1. On March 31, 2022, the debtors filed a Chapter 7 petition in the above-captioned case through their counsel, Derek Williams.

### A. *Disclosure of Compensation and Fee Agreements*

2. According to the Disclosure of Compensation of Attorney for Debtor(s) dated April 14, 2022, and filed by Williams, he agreed to accept $2,200 for legal services, and he received $200 from the debtor prior to filing the statement. The Disclosure of Compensation states that Debtors and Williams "entered into two, separate fee agreements" Dkt. No. 14 at 2, ¶ 7. The balance of $2,000 is to be paid "in installments for up to 12 months following the bankruptcy filing," with counsel taking payments directly from Debtor post-petition. *Id.*

3. Mr. Williams attached neither the pre-petition nor the post-petition fee agreement to his Disclosure of Compensation Statement at Dkt. No. 14.

4. The Court entered a corrective entry on April 18, 2022 regarding the lack of a filed written agreement establishing the terms and conditions of employment. This is a requirement of Idaho Local Bankruptcy Rule[1] 2016.1. Corrective action was due by April 25, 2022.

---

[1] Hereafter, unless otherwise stated, "LBR" refers to Local Bankruptcy Rules for the District of Idaho, all statutory references are to 11. U.S.C., and "Rule" references Federal Rules of Bankruptcy Procedure.

5. The Court entered a second corrective entry on April 29, 2022 regarding the requirement of LBR 2016.1 and the lack of written agreement establishing the terms and conditions of employment, with corrective action due by May 4, 2022.

6. On May 3, 2022, at Dkt. No 23, the Court entered the following: "Request to the Debtors to provide an update on case status with regard to the . . . written employment agreement that remain unfiled in this case (please see corrective entries). Status request due date 5/5/2022."

7. As of the date this Motion was filed, Debtors' counsel has not filed any written employment agreement as required by LBR 2016.1.

## B. Employee Income Records

8. On April 18, 2022, at Dkt. No 19, the Court entered the following: "Request to the Debtors to please provide an update on case status with regard to the unfiled Employee Income Records, which remain deficient in this case. Status request due date 5/18/2022."

9. Debtor filed, through Attorney Williams, employee income records on April 26, 2022. Dkt. No. 21 (sealed).

## C. Original Signature Pages

10. The bankruptcy Petition did not include original signatures. *See* Dkt. No. 1 at 6.

11. The Court entered a corrective entry on April 1, 2022 regarding the missing original signature pages, with the corrective action due by April 6, 2022.

12. Signature pages for the Petition were not submitted by April 6, 2022, and the Court entered a second corrective entry on April 15, 2022, with the corrective action due by April 20, 2022.

13. On May 3, 2022, at Dkt. No 23, the Court entered the following: "Request to the Debtors to provide an update on case status with regard to the original signature pages . . . that

remain unfiled in this case (please see corrective entries). Status request due date 5/5/2022."

14.    As of the date this Motion was filed, Debtors' counsel has not filed the original signature pages for the Petition.

### III. LEGAL ARGUMENT FOR RETURN OF FEES UNDER § 329

The Court may determine whether fees are excessive pursuant to a party's motion or on its own initiative after notice and a hearing. Rule 2017; *see also* § 329(b). A debtor's attorney bears the burden of justifying his fees under § 329(b). *See In re Castorena*, 270 B.R. 504, 515 (Bankr. D. Idaho 2001). This is the same burden as demonstrating entitlement to fees under section 330 of the Bankruptcy Code. "Failure to meet this burden supports reduction or denial of the compensation sought." *Id.*

Section 329(a) requires an attorney representing a debtor in a bankruptcy case to file a statement of compensation paid or agreed to be paid for legal services. Section 329(b) permits the Court to cancel the agreement and order return of funds to the extent the compensation exceeds the reasonable value of such services. This statute reflects Congress's recognition that attorney payments from a debtor present a "serious potential for overreaching by the debtor's attorney" and that such payments should therefore be subjected to "careful scrutiny." H.R. Rep. No. 95-595, at 329 (1977) (reprinted in 1978 U.S.C.C.A.N. 5963,6285). Bankruptcy courts have broad discretion under § 329(b) to disallow and require return of attorney compensation found to be excessive. *In re Columbia Plastics, Inc.*, 251 B.R. 580, 584-85 (Bankr. W.D. Wash. 2000) (citing *In re Fin. Corp. of Am.*, 114 B.R. 221, 224 (9th Cir. BAP 1990)), *aff'd*, 946 F.2d 689 (9th Cir. 2001); *In re Mahendra*, 131 F.3d 750, 757 (8th Cir. 1997).

Apart from standard considerations of reasonableness under factors mentioned in § 330(a)(3) (by analogy), courts have found compensation excessive, cancelled compensation

–4–

agreements, and denied compensation under § 329 based on an attorney's deficient representation. As stated by a bankruptcy court in Colorado:

> a court's review of the reasonableness of compensation under § 329 is a holistic review of the entire attorney/debtor relationship. Compensation to a debtor's counsel may be considered excessive for a number of reasons including the size of the fee, the nature of the services provided, failure to disclose the information required by Rule 2016(b), unethical conduct, or other causes.

*In re Martin*, 197 B.R. 120, 125 (Bankr. D. Colo. 1996).

The deficient disclosure of fee agreements as required by LBR 2016.1 and unfiled original signature pages as supported by LBR 5003.1 support an order of return of Derek Williams's fees, as further discussed in Part III(A) and (B) below.

### A. Disclosures of fee arrangements

An attorney's failure to comply with disclosure obligations of § 329(a) and Rule 2016(b) also warrants the sanctions of cancelling fee agreements and return of fees under § 329(b). *See In re Blackburn*, 448 B.R. 28, 40-41 (Bankr. D. Idaho 2011); *see also In re Larson*, 04.1 I.B.C.R. 15, 16 (Bankr. D. Idaho 2004). The court in *Larson* reasoned, "Any failure to comply with § 329 and Rule 2016 is given a serious view by the Court, and may subject the attorney to severe sanctions, including the loss of an attorney's fees earned in a case, disgorgement, or even monetary sanctions." *Id.* (cleaned up); *see also SE Property Holdings, LLC v. Stewart (In re Stewart),* 970 F.3d 1255, 1267 (10th Cir. 2020).

Attorneys representing a debtor in a bankruptcy case have an affirmative duty to disclose fully and completely all fee arrangements and all payments. *See* § 329(a); Rule 2016(b); *In re Kowalski*, 402 B.R. 843, 849-50 (Bankr. N.D. Ill. 2009). This is bolstered by LBR 2016.1, which requires debtors' attorneys to attach a written and executed agreement to each Disclosure of

−5−

Compensation statement filed under Rule 2016(b). Attorney disclosures must be "precise and complete." *In re Berg*, 356 B.R. 378, 381 (Bankr. E.D. Pa. 2006). An attorney who fails to comply with the requirements of § 329(a) or Rule 2016(b) is subject to "forfeiture of any right to receive compensation for services rendered on behalf of the debtor and the disgorgement of any funds already paid by the debtor." *In re McTyire*, 357 B. R. 898, 904 (Bankr. M.D. Ga. 2006) (cleaned up). Even negligent or inadvertent failure to disclose fully relevant information in a Rule 2016 statement may result in denial of all requested fees. *Neben & Starrett, Inc. v. Chartwell Financial Corp. (In re Park–Helena Corp.)*, 63 F.3d 877, 882 (9th Cir. 1995); *see also In re Grimmett,* No. BR 16-01094-JDP, 2017 WL 2437231, at *10 (Bankr. D. Idaho June 5, 2017). The Court of Appeals for the Tenth Circuit explained in *In re Stewart,* "That is not to say that full disgorgement is always appropriate for failure to disclose under § 329. But it should be the default sanction, and there must be sound reasons for anything less." 970 F.3d at 1267.

The lack of filed a written and executed fee and employment agreements between Mr. Williams and Debtors violates LBR 2016.1. Despite multiple corrective entries on the Court record and a request for a status update, the employment agreements remain unfiled and disclosure under § 329(a), Rule 2016(b) and LBR 2016.1 is inadequate.

### B. Signature pages and violation of LBR 5003.1

LBR 5003.1 requires an attorney to obtain and retain an original handwritten pen and ink signature ("wet signature") and an electronic signature is not sufficient. *See In re Grimmett*, 2017 WL 2437231 at *11. The Local Bankruptcy Rule governs electronic case filing, and provides:

> The original of all conventionally signed documents that are electronically filed shall be retained by the filing party for a period of not less than the maximum allowed time to complete any appellate process, or the time the case of which the document is a part, is closed, whichever is later. The document shall be produced upon an order of the court.

–6–

LBR 5003.1(e). The Court's requirement to file original signatures for a Petition, *see* Dkt. No. 23, ensures proper signing, which in turn supports the integrity of attorney-client representation and adequate communication prior to initiating a bankruptcy case. Bankruptcy Courts in Idaho and elsewhere have ruled that failure to obtain "wet" signatures is grounds for return of fees under § 329(b). *See In re Grimmett*, 2017 WL 2437231, at *11-12; *In re Dean*, 2013 WL 3306418 at *5–6 (Bankr. E.D. Cal. June 28, 2013) (explaining that a motion to disgorge fees under § 329(b) would be granted in part because debtors' counsel failed to obtain "wet signatures" on the bankruptcy petition before filing it electronically; that using the "/s/" was a false representation to the court which exposed the debtors to the penalty of perjury, the risk of discharge litigation, and the possibility of losing their discharge; and that this diminished the value of debtors' counsel's services and supported disgorgement under § 329); *see also In re Rich*, 2012 WL 8249563 at *7 (Bankr. E.D. Cal. Aug. 29, 2012) (failing to obtain "wet signatures" is proper grounds for disgorgement of fees pursuant to § 329(b)).

Under the Electronic Case Filing Procedures ("ECF PROCEDURES") adopted by the Bankruptcy Court for the District of Idaho, an attorney as a Registered Participant electronically filing a Verified Pleading "shall insure the electronic version conforms to the original, signed pleading/document." *See* ECF PROCEDURES at 11 (Bankr. D. Idaho Jan. 16, 2006); General Order No. 394, ELECTRONIC CASE FILING (Bankr. D. Idaho Apr. 9, 2021) (superseding General Order No.247).

When an attorney submits an electronically signed document to the Court, he is certifying to the court that he has the document in his physical possession bearing the original signature of the party. ECF PROCEDURES at 11; *In re Tran*, 427 B.R. 805, 808 (Bankr. N.D. Cal. 2010). (If the

–7–

certification is false, the attorney is also subject to penalties pursuant to § 526(a)(2)). As previously noted by the Bankruptcy Court for the District of Idaho, "an attorney's electronic submission of a document to the Court inaccurately 'purporting to have [a party's] signature is no different than [the attorney] physically forging [the party's] signature and handing the [document] over the counter to the clerk.'" *In re Hurd*, 2010 WL 3190752 at *3 (Bankr. D. Idaho Aug. 11, 2010) (quoting *In re Wenk*, 296 B.R. 719, 725 (Bankr. E.D. Va. 2002).

The lack of filed original signatures as requested by the Court's corrective entries for Debtors' Petition violates LBR 5003.1 and implicates that the electronic signatures may not be supported by possession of the original signature. Despite multiple corrective entries on the Court record and a request for a status update, the original signature pages remain unfiled.

## IV. REQUEST FOR RELIEF

Attorney Derek Williams's legal representation of Debtors is deficient and thus his compensation of $2200 in this case is excessive. He failed in disclosing his written fee agreements as required by LBR 2016.1. He failed and filing original signature pages as supported by LBR 5003.1(e) and required by the Court's corrective entries. These deficiencies and failures persist despite to opportunities to respond and prompts by the Court to correct these issues.[2] Both deficiencies warrant a return of fees.

WHEREFORE, the United States Trustee respectfully requests the Court enter an order that Derek Williams's and Wasatch Legal Services contracts for fees with the debtor be canceled

---

2 To the extent the corrective entries requiring Debtors' counsel to file original signature pages and/or provide a status update on the same is not construed as an "order of the court" requiring production of conventionally signed signature pages pursuant to LBR 5003.1(e), the United States Trustee requests the Court order Attorney Williams to produce the conventionally signed documents in his possession by an established deadline and, upon any failure to do so, to impose appropriate remedies pursuant to 329(b).

and that Williams return any fees he has received so far from Debtors in this case, and for such other and further relief as the Court deems proper.

Dated: June 1, 2022　　　　　　　　　　　　　　GREGORY M. GARVIN
　　　　　　　　　　　　　　　　　　　　　　　　United States Trustee


　　　　　　　　　　　　　　　　　　　　　　　　/S/ Andrew Jorgensen
　　　　　　　　　　　　　　　　　　　　　　　　ANDREW S. JORGENSEN
　　　　　　　　　　　　　　　　　　　　　　　　Trial Attorney, United States Trustee
　　　　　　　　　　　　　　　　　　　　　　　　[Andrew.jorgensen@usdoj.gov
　　　　　　　　　　　　　　　　　　　　　　　　Non CM/ECF e-mail]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 1, 2022, I filed the foregoing electronically through the CM/ECF system, which causes parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

AND I FURTHER CERTIFY that on such date I caused to be served the foregoing on the following in the manner indicated:

Via first class mail, postage prepaid addressed as listed below or on the attached mailing matrix:

Derek G. Williams
Wasatch Legal Services
570 S. 925 W
Layton, UT 84041

Robin Ralph Ririe, Jr.
Lisa Antionette Ririe
221 14th Ave North
Buhl, ID 83316


Dated: June 1, 2022                    /s/ Andrew Jorgensen
                                       ANDREW S. JORGENSEN